UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                      CRIMINAL NO. 09-20224

       v.                              DISTRICT JUDGE VICTORIA A. ROBERTS

NEIL CHAPPLE (D-7),              MAGISTRATE JUDGE VIRGINIA M. MORGAN

       Defendant.[1]
_____/

**OPINION AND ORDER DENYING DEFENDANT
NEIL CHAPPLE'S MOTION FOR SEVERANCE (D/E #108)**

**I. Introduction**

This matter comes before the court on defendant Neil Chapple's Motion for Severance (D/E #108)[2] The government filed a response in opposition to that motion (D/E #138) and this court heard oral arguments on January 15, 2010. For the reasons discussed below, this court orders that Chapple's Motion for Severance be **DENIED**.

---

[1] Defendant Chapple was indicted along with ten co-defendants: George Williams, Brandon Williams, Nancy Williams, Yolando Young, Ernest Larry Adams, Webb Smith, Gregory Palmer, Nathaniel Darryl Williams, Anthony Richardson, and Katrina Lyons.

[2] Co-defendants Lyons and Adams filed a Notice of Joinder/Concurrence in Chapple's motion (D/E #121, #132).

**II. Background**

In this case, defendant Chapple was indicted along with ten co-defendants: George Williams, Brandon Williams, Nancy Williams, Yolando Young, Ernest Larry Adams, Webb Smith, Gregory Palmer, Nathaniel Darryl Williams, Anthony Richardson, and Katrina Lyons. (D/E #4)  In the "General Allegations" section of the Indictment, the government alleges that the named defendants and others engaged in a scheme and pattern of illegal conduct involving prescription drug controlled substances and fraudulent health care billings. (Indictment, p. 1) In that alleged scheme, George Williams organized and operated a purported health care business under the name Quick Response Medical Professionals, P.C. ("QRMP"). (Indictment, pp. 1-2) Brandon Williams and Nancy Williams allegedly assisted in the creation and operation of QRMP. (Indictment, p. 3) Brandon Williams and Nancy Williams are also alleged to have caused fraudulent Medicare billings. (Indictment, p. 3)

George Williams allegedly recruited "fake patients" to see doctors employed by QRMP, with QRMP employee Yolanda Young scheduling the visits and instructing the patients to ask for particular controlled substance prescriptions with a high street value. (Indictment, p. 2) Other alleged employees of QRMP included Gregory Palmer and Darryl Williams, who transported most of the fake patients, and Anthony Richardson, who worked as a security guard protecting the cash and keeping order. (Indictment, p. 2)

The patients were allegedly paid up to $220 for their time and use of their Medicare care, but they did not retain the prescriptions. (Indictment, p. 2) George Williams allegedly retained the prescriptions and had them filled at various cooperating pharmacies. (Indictment, p. 2) The

controlled substances were then picked up by George Williams, Webb Smith, and/or Ernest Larry Adams. (Indictment, p. 2) Employees such as Smith or Adams were then directed to deliver the controlled substances to distributers in exchange for money. (Indictment, p. 2) One of the alleged distributers was Katrina Lyons. (Indictment, pp. 2-3)

In the specific counts of the indictment, Chapple is charged in Count One ("21 U.S.C. §§ 846, 841(a)(1) - Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances"); Count Four ("21 U.S.C. § 841(a)(1) - Possession with Intent to Distribute Controlled Substances -Oxycodone"); Count Eight ("21 U.S.C. § 841(a)(1) - Possession with Intent to Distribute Controlled Substances -Oxycodone")[3]; and Count Eighteen ("Forfeiture Allegations (18 U.S.C. 981(a)(1)(C), and 28 U.S.C. 2461(c); 21 U.S.C. § 853)"). With respect to the specific possession with intent to distribute charges, Count Four is only against Chapple and it relates to a July 3, 2008 while Count Eight is against both Chapple and Adams and it relates to an October 27, 2008 incident.

**III. Discussion**

---

[3]According to the government, due to a clerical error, the Indictment refers to Oxycontin in Count Eight when the drug actually seized was Vicodin. The government also asserts that the error will be corrected before trial by either a stipulation or a superseding indictment.

In his motion before the court, Chapple argues that the charges against him should be severed from this case and that he be granted a separate trial on the basis of either misjoinder or prejudicial joinder.

**A. Misjoinder**

As a preliminary matter, this court would note that, while Chapple argues that Count Four was misjoined under both Fed. R. Crim. P. 8(a) and 8(b)[4], courts have traditionally held that Rule 8(a) applies only to a prosecution of a single defendant while Rule 8(b) applies exclusively whenever multiple defendants are involved, even if a defendant is contesting only the joinder of counts against himself. See United States v. Frost, 125 F.3d 346, 389 (6th Cir. 1997) (quoting 1 Charles Alan Wright, Federal Practice and Procedure: Federal Rules of Criminal Procedure § 143 p. 479, § 144 p. 494 (2d ed. 1982). One Circuit Court of Appeals has held, however, that Rule 8(a) applies where all of the defendants were charged on the same counts, see United States v. Southwest Bus Sales, Inc., 20 F.3d 1449, 1454 (8th Cir. 1994), while another court has suggested that contrary to the traditional rule, the more lenient Rule 8(a) applies when a defendant in a multiple-defendant prosecution challenges only joinder of the offenses charged against himself, see United States v, Eufrasio, 935 F.2d 553, 570 n. 20 (3d Cir. 1991). The Sixth Circuit has not decided if both Rule 8(a) and Rule 8(b) apply to cases such as this, see, *e.g.*,

---

[4]Fed. R. Crim P. 8 provides: "(a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.  (b) Joinder of Defendants. The indictments or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."

Frost, 125 F.3d at 389 (declining to decide issue). "The primary difference between the two sections is that it is easier to justify joinder under Rule 8(a) because, unlike Rule 8(b), it also permits joinder of offenses which are merely of 'the same or similar character.'" Frost, 125 F.3d at 389 (quoting Fed. R. Crim. P. 8(b)). Given that difference, the court need not decide whether Rule 8(a) has any application in this case because, as discussed below, joinder was proper under the more stringent standard of Rule 8(b).

With respect to joinder of defendants, Fed. R. Crim P. 8(b) provides:

> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

"There is a preference in the federal system for joint trials of defendants who are indicted together" Zafiro v. United States, 506 U.S. 534, 537, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993), and the Sixth Circuit has noted that, "[a]s a general rule, persons jointly indicted should be tried together" United States v. Driver, 535 F.3d 424, 427 (6th Cir. 2008) (internal quotation omitted). See also, United States v. Swift, 809 F.2d 320, 322 (6th Cir. 1987) (Fed. R. Crim. P. 8(b) should be construed broadly in light of protections afforded by Rule 14(a)). Joinder is not limitless however, and the Sixth Circuit has stated:

> the joinder of multiple defendants is proper under Rule 8(b) only if each of the counts of the Indictment arises out of the same act or transaction, or series of acts or transactions even if all counts of the Indictment includes a common defendant.

-5-

[United States v. Hatcher, 680 F2d 438, 441 (6th Cir, 1982).]  See also United States v. Davidson, 936 F.2d 856, 861 (6th Cir. 1991) (holding that a joinder is appropriate if there exists a sufficient nexus between the defendants and the accused acts or transactions); United States v. Frost, 125 F.3d 346, 389 (6th Cir. 1997) (holding that the joinder of defendants is proper if each count of the indictment arises out of logically interrelated acts or transactions (quotation omitted).  Whether joinder is proper under Rule 8 is a question of law, determined by the allegations on the face of the indictment.  United States v. Deitz, 577 F.3d 672, 691 (6th Cir. 2009); United States v. Chavis, 296 F.3d 450, 458 (6th Cir. 2002);  Frost, 125 F.3d at 389.

      Here, Chapple argues that Count Four, a count that charges only Chapple, is misjoined and should be severed from the rest of the indictment because there is no evidence that the pills which are the subject of Count Four are (1) based on the same act or transaction as the rest of the counts in the indictment, or (2) are connected with those counts, or (3) constitute parts of a common scheme or plan.  In response, the government argues that defendant's attempt to turn this into a factual question is not supported by any of the cases cited by the defendant and that joinder is proper on the face of the Indictment.  The government also argues that it alleged in the Indictment that Chapple was part of a conspiracy to distribute prescription drugs and that, on two occasions, Chapple was caught transporting such drugs back to Kentucky.

      This court finds that the joinder of Chapple and Count Four was proper.  Examining the face of the Indictment, it is clear that Chapple is generally alleged to have been involved in a conspiracy to distribute and possess with intent to distribute controlled substances and specifically, the possession and intent to distribute Oxycodone as charged in Count Four, is

alleged to be part of that conspiracy. The controlled substances were allegedly unlawfully retained through the operations of QRMP, an organization through which defendants allegedly engaged in a scheme and pattern of illegal conduct involving prescription drugs and controlled substances and fraudulent health care billings. While Chapple is the only defendant charged in Count Four and he is not alleged to have been directly part of every aspect of the conspiracy, such as the fraudulent health care billings, "[a]ll defendants need not be charged in each count," Fed. R. Crim. P. 8(b), and there exists a sufficient nexus between Count Four and the remaining charges. Given the alleged organization and conspiracy in this case, as well as the alleged time frame of the conspiracy and the dates involved in Count Four, each count of the indictment arises out of logically interrelated acts or transactions and joinder was therefore proper.

### B. Prejudicial Joinder

With respect to prejudicial joinder, Fed. R. Crim. 14 provides:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.
>
> (b) Defendant's Statements. Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.

As discussed above, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together," Zafiro, 506 U.S. at 537, and the Sixth Circuit has noted that, "[a]s a general rule, persons jointly indicted should be tried together" Driver, 535 F.3d at 427.

Therefore, the defendant moving to sever has the "heavy burden of showing specific and compelling prejudice." United States v. Harris, 9 F.3d 493, 500 (6th Cir.1993). The United States Supreme Court has advised that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. Even where the risk of prejudice is high, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice," Zafiro, 506 U.S. at 539, and "[a] request for severance should be denied if a jury can properly compartmentalize the evidence as it relates to the appropriate defendants." Driver, 535 F.3d at 427 (internal quotation omitted). The fact that proof may be greater against a co-defendant is not a valid reason to sever. Zafiro, 506 U.S. at 539 ; United States v. Warner, 971 F.2d 1189, 1196 (6th Cir. 1992).

     Here, Chapple argues that all of the other defendants, with the possible exception of defendant Lyons, have some alleged connection to the alleged health care fraud scheme while Chapple does not. Chapple also argues that most of the evidence that the government will be introducing at trial will concern the alleged health care fraud, and that the evidence of the health care fraud is irrelevant to the charges against Chapple and would not be admissible in a trial against Chapple alone. According to Chapple, this situation contains the very real risk of a prejudicial spillover effect from a joint trial.

     This court finds that Chapple has failed to meet his heavy burden of demonstrating prejudicial joinder and his motion for relief pursuant to Fed. R. Crim. P. 14 is denied. As discussed above, the charges against Chapple are related to the other charges in the Indictment,

including the health care fraud, and he was properly joined as a defendant. Additionally, any potential prejudice can be cured by less drastic measures, such as limiting instructions, Zafiro, 506 U.S. at 539. "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. Chapple has failed to show such a risk in his case and his motion to sever on the basis of prejudicial joinder is denied.

### IV. Conclusion

For the reasons discussed above, this court orders that Chapple's Motion for Severance be **DENIED**.

The parties to this action may object to and seek review of this Order through an appeal to the district judge, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). See also E.D. Mich. LR 72.1(d)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Pursuant to E.D. Mich. LR 72.1(d)(1), a copy of the appeal is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed appeal, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue raised in the appeal.

**SO ORDERED.**

S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: January 29, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on January 29, 2010.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan