UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                            CRIMINAL NO. 09-20224

        v.                                  DISTRICT JUDGE VICTORIA A. ROBERTS

BRANDON WILLIAMS (D-2),        MAGISTRATE JUDGE VIRGINIA M. MORGAN

        Defendant.[1]
_____/

**<u>OPINION AND ORDER DENYING DEFENDANT
BRANDON WILLIAMS' MOTION FOR RELIEF
FROM PREJUDICIAL JOINDER/MISJOINDER,
SEVERANCE, AND SEPARATE TRIAL (D/E #113)</u>**

**I. Introduction**

        This matter comes before the court on defendant Brandon Williams' Motion for Relief From Prejudicial Joinder/Misjoinder, Severance, and Separate Trial (D/E #113)[2] The government filed a response in opposition to that motion (D/E #138) and this court heard oral arguments on January 11, 2010. For the reasons discussed below, this court orders that Brandon

---

[1] Defendant Brandon Williams was indicted along with ten co-defendants: George Williams, Nancy Williams, Yolando Young, Ernest Larry Adams, Webb Smith, Neil Chapple, Gregory Palmer, Nathaniel Darryl Williams, Anthony Richardson, and Katrina Lyons.

[2] Co-defendant Adams filed a Notice of Joinder/Concurrence in Brandon Williams' motion (D/E #132).

-1-

Williams' Motion for Relief From Prejudicial Joinder/Misjoinder, Severance, and Separate Trial be **DENIED**.

## II. Background

In this case, defendant Brandon Williams was indicted along with ten co-defendants: George Williams, Nancy Williams, Yolando Young, Ernest Larry Adams, Webb Smith, Neil Chapple, Gregory Palmer, Nathaniel Darryl Williams, Anthony Richardson, and Katrina Lyons. (D/E #4)  In the "General Allegations" section of the Indictment, the government alleges that the named defendants and others engaged in a scheme and pattern of illegal conduct involving prescription drug controlled substances and fraudulent health care billings.  (Indictment, p. 1)  In that alleged scheme, George Williams organized and operated a purported health care business under the name Quick Response Medical Professionals, P.C. ("QRMP").  (Indictment, pp. 1-2)  Brandon Williams and Nancy Williams allegedly assisted in the creation and operation of QRMP.  (Indictment, p. 3)  Brandon Williams and Nancy Williams are also alleged to have caused fraudulent Medicare billings.  (Indictment, p. 3)

George Williams allegedly recruited "fake patients" to see doctors employed by QRMP, with QRMP employee Yolanda Young scheduling the visits and instructing the patients to ask for particular controlled substance prescriptions with a high street value.  (Indictment, p. 2)  Other alleged employees of QRMP included Gregory Palmer and Darryl Williams, who transported most of the fake patients, and Anthony Richardson, who worked as a security guard protecting the cash and keeping order.  (Indictment, p. 2)

The patients were allegedly paid up to $220 for their time and use of their Medicare card, but they did not retain the prescriptions. (Indictment, p. 2) George Williams allegedly retained the prescriptions and had them filled at various cooperating pharmacies. (Indictment, p. 2) The controlled substances were then picked up by George Williams, Webb Smith, and/or Ernest Larry Adams. (Indictment, p. 2) Employees such as Smith or Adams were then directed to deliver the controlled substances to distributers in exchange for money. (Indictment, p. 2) One of the alleged distributers was Katrina Lyons. (Indictment, pp. 2-3)

In the specific counts of the indictment, Brandon Williams is charged in Count Two ("18 U.S.C. §1347 - Health Care Fraud"); Count Three ("42 U.S.C. §1320a-7b - Unlawful Payments") and Count Eighteen ("Forfeiture Allegations (18 U.S.C. 981(a)(1)(C), and 28 U.S.C. 2461(c); 21 U.S.C. § 853)"). Count Two relates to the alleged defrauding of the Medicare program by fraudulent billings, such as QRMP billing Medicare for home visits when the examinations actually took place in a hotel room or a residence operating as an office. (Indictment, pp. 6-8) Count Three specifically alleges that Brandon Williams, along with George Williams, Nancy Williams and Yolando Young, did offer and pay remunerations to Medicare beneficiaries to induce them to receive medical services at QRMP. (Indictment, p.8)

**III. Discussion**

In his motion before the court, Brandon Williams argues that the charges against him (Counts Two, Three, and Eighteen) should be severed from this case and that he be granted a separate trial on the basis of either misjoinder or prejudicial joinder.

**A. Misjoinder**

With respect to joinder of defendants, Fed. R. Crim P. 8(b) provides:

> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

"There is a preference in the federal system for joint trials of defendants who are indicted together" Zafiro v. United States, 506 U.S. 534, 537, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993), and the Sixth Circuit has noted that, "[a]s a general rule, persons jointly indicted should be tried together" United States v. Driver, 535 F.3d 424, 427 (6th Cir. 2008) (internal quotation omitted). See also, United States v. Swift, 809 F.2d 320, 322 (6th Cir. 1987) (Fed. R. Crim. P. 8(b) should be construed broadly in light of protections afforded by Rule 14(a)). Joinder is not limitless however, and the Sixth Circuit has stated:

> the joinder of multiple defendants is proper under Rule 8(b) only if each of the counts of the Indictment arises out of the same act or transaction, or series of acts or transactions even if all counts of the Indictment includes a common defendant.

[United States v. Hatcher, 680 F2d 438, 441 (6th Cir, 1982).]  See also United States v. Davidson, 936 F.2d 856, 861 (6th Cir. 1991) (holding that a joinder is appropriate if there exists

a sufficient nexus between the defendants and the accused acts or transactions); United States v. Frost, 125 F.3d 346, 389 (6th Cir. 1997) (holding that the joinder of defendants is proper if each count of the indictment arises out of logically interrelated acts or transactions (quotation omitted). Whether joinder is proper under Rule 8 is a question of law, determined by the allegations on the face of the indictment. Frost, 125 F.3d at 389.

Here, Brandon Williams argues that he was improperly joined in this Indictment with individuals involved in a separate drug conspiracy. According to Brandon Williams, the allegations contained in the Indictment set forth two separate and distinct conspiracies; the first dealing with the creation of QRMP, false billing and unlawful Medicare payments, and the second dealing with a separate drug conspiracy. In its response, the government argues that on the face of the indictment, the drug and fraud/payment offenses were part of the same series of offenses and the fraudulent use of the "fake patients" was how QRMP obtained the prescription drugs, which were then illegally distributed.

This courts find that the joinder of Brandon Williams was proper. Examining the face of the complaint, it is clear that Brandon Williams is alleged to have participated in the same series of acts or transactions as the other defendants. The government alleges that Brandon Williams helped create and operate QRMP, an organization through which Brandon Williams and others allegedly engaged in a scheme and pattern of illegal conduct involving prescription drug controlled substances and fraudulent health care billings. While Brandon Williams is not alleged to have been part of every aspect of that organization, "[a]ll defendants need not be charged in each count," Fed. R. Crim. P. 8(b), and there exists a sufficient nexus between Brandon

Williams, who is charged with, among other things, making payments to fake patients as an inducement for those fake patients coming to QRMP, and the charges relating to drug offenses, which arise in part from the unlawful retention of prescriptions prescribed to those fake patients. Each count of the indictment arises out of logically interrelated acts or transactions and joinder was therefore proper.

### B. Prejudicial Joinder

With respect to prejudicial joinder, Fed. R. Crim. 14 provides:

> (a) Relief.  If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.
>
> (b) Defendant's Statements.  Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.

As discussed above, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together," Zafiro, 506 U.S. at 537, and the Sixth Circuit has noted that, "[a]s a general rule, persons jointly indicted should be tried together" Driver, 535 F.3d at 427. Therefore, the defendant moving to sever has the "heavy burden of showing specific and compelling prejudice." United States v. Harris, 9 F.3d 493, 500 (6th Cir. 1993).  The United States Supreme Court has advised that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."

Zafiro, 506 U.S. at 539.  Even where the risk of prejudice is high, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice," Zafiro, 506 U.S. at 539, and "[a] request for severance should be denied if a jury can properly compartmentalize the evidence as it relates to the appropriate defendants."  Driver, 535 F.3d at 427 (internal quotation omitted).  The fact that proof may be greater against a co-defendant is not a valid reason to sever. Zafiro, 506 U.S. at 539 ; United States v. Warner, 971 F.2d 1189, 1196 (6th Cir. 1992).

Here, Brandon Williams argues that the "spillover effect" from the testimony regarding the drug related counts and the fact that he is the son of defendant George Williams will confuse and prejudice the jury.  According to Brandon Williams, because his charges stem from being an office administrator responsible for appointments and billing, his charges are unrelated to the drug counts and he will suffer substantial prejudice if he is required to submit to a joint trial with his father, stepmother, and the others involved in drug distribution.

This court finds that Brandon Williams has failed to meet his heavy burden of demonstrating prejudicial joinder and his motion for relief pursuant to Fed. R. Crim. P. 14 is denied.  As discussed above, the charges against Brandon Williams are related to the drug charges and he was properly joined as a defendant.  Additionally, the fact that Brandon Williams is related to some of his co-defendants does not justify a severance on its own, see,, *e.g.*, United States v. Cope, 312 F.3d 757, 781 (6th Cir. 2002) (denying a motion to sever where two co-defendants were brothers), and any potential prejudice can be cured by less drastic measures, such as limiting instructions, Zafiro, 506 U.S. at 539.  "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a

specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539.  Brandon Williams has failed to show such a risk in his case and his motion to sever on the basis of prejudicial joinder is denied.

**IV.  Conclusion**

For the reasons discussed above, this court orders that Brandon Williams' Motion for Relief From Prejudicial Joinder/Misjoinder, Severance, and Separate Trial be **DENIED**.

The parties to this action may object to and seek review of this Order through an appeal to the district judge, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).  See also E.D. Mich. LR 72.1(d)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  Pursuant to E.D. Mich. LR 72.1(d)(1), a copy of the appeal is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed appeal, the opposing party may file a response.  The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue raised in the appeal.

**SO ORDERED.**

> S/Virginia M. Morgan
> Virginia M. Morgan
> United States Magistrate Judge

Dated: January 29, 2010

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on January 29, 2010.

                                                   s/Jane Johnson
                                                   Case Manager to
                                                   Magistrate Judge Virginia M. Morgan